**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TERRELL TOLBERT,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | **NO. 5:26-cv-00362-TES-CHW** |
| **Superintendent SMITH, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Terrell Tolbert, a prisoner in Hays State Prison in Trion, Georgia, filed a complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion to proceed *in forma pauperis*. ECF No. 2. The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* and finds it is incomplete. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Rather than file a certified copy of his trust fund account statement, Plaintiff has submitted a number of receipts from 2026, which suggest that he has received deposits and maintained a balance in his trust fund account. *See* ECF No. 2 at 4-34. These receipts do not provide information that would allow the Court to calculate Plaintiff's average monthly deposits or his average monthly balance. Moreover, an account certification

form was included with Plaintiff's motion to proceed *in forma pauperis*, but it is incomplete and does not appear to have been signed by a prison official. *See* ECF No. 2 at 3. Therefore, this filing does not comply with the statutory requirement that Plaintiff submit a certified trust fund account statement.

Accordingly, Plaintiff is **ORDERED** to submit a proper motion to proceed *in forma pauperis,* which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply. If Plaintiff does not timely and fully comply with this Order, this action may be dismissed. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address and his failure to do so may result in dismissal of this action.

**SO ORDERED and DIRECTED**, this 24th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge